■ HERBERT B.L. SILVERMAN, Appellant, v CITY OF NEW YORK, Defendant. HERBERT B.L. SILVERMAN, Appellant, v LEONARD L. STEINMAN, Respondent.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about July 12, 1990, which, *inter alia,* granted the cross-motion of Leonard L. Steinman, pursuant to Judiciary Law § 90 (10), to seal all of the papers submitted in support of and opposition to the motion and cross-motion, unanimously modified, on the law and facts, the cross-motion is granted only to the extent of sealing those documents submitted in support of, and in opposition to, the motion and cross-motion that are either records of the Supreme Court, Appellate Division, First Department, Departmental Disciplinary Committee or correspondence with, and of, said Committee concerning certain proceedings involving the plaintiff and Steinman, and otherwise affirmed, without costs.

Attorney Leonard L. Steinman was retained by the plaintiff

sometime in 1986 to prosecute a personal injury action against the City of New York. In response to plaintiff's motion to discharge Steinman, Steinman cross-moved for leave to withdraw as plaintiff's attorney and for an order sealing the record. In support of his cross-motion, Steinman included as exhibits correspondence between himself, plaintiff and this Department's Disciplinary Committee concerning a complaint filed by the plaintiff relating to this action.

Judiciary Law § 90 (10) provides for the confidentiality of disciplinary proceedings, and the court's order sealing the record as to those papers and documents which constituted records of, or correspondence with the disciplinary committee, was proper. The order appealed from, however, was overly broad, as the remaining documents and papers which were submitted on the motion and cross-motion, are not protected by confidentiality. We modify accordingly. Concur—Milonas, J. P., Ellerin, Kupferman and Rubin, JJ.